**NOT FOR PUBLICATION**

FEB 27 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS CALDERON-REYES, | No. 06-75020 |
| Petitioner, | Agency No. A073-903-642 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Jesus Calderon-Reyes, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen deportation proceedings

conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency used the correct standard and did not abuse its discretion in denying Calderon-Reyes' motion to reopen as untimely, where it was filed more than 10 years after his deportation order became administratively final, *see* 8 C.F.R. § 1003.23(b)(1), (4)(iii)(A)(1); *Matter of M-S-*, 22 I. & N. Dec. 349, 356-57 (BIA 1998) (a motion to reopen an in absentia order to apply for adjustment of status is subject to the 90-day motion to reopen deadline), and he failed to demonstrate the due diligence required for equitable tolling of the filing deadlines, *see Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances).

Contrary to Calderon-Reyes' contention, he was not entitled to file his motion at any time, where the relevant exception to the filing deadline turns on notice of the deportation hearing, not notice of the deportation order, and Calderon-Reyes does not contend that he lacked notice of his hearing. *See* 8 U.S.C. § 1252b(c)(3)(B) (1995) (a motion to reopen to rescind an in absentia order may be filed "at any time if the alien demonstrates that the alien did not receive

notice in accordance with subsection (a)(2) of this section"); *id.* § 1252b(a)(2)

(requiring written notice of "the time and place at which proceedings will be

held").

In light of this disposition, we do not reach Calderon-Reyes' remaining

contentions.

**PETITION FOR REVIEW DENIED.**